UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BOBBY DWAYNE WILLIAMS**<br>DOC # 120007 | : | **DOCKET NO. 17-cv-1074**<br>**SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **TONY MANCUSO, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court are a *pro se* civil rights complaint [doc. 8] and "Statement of Facts" [doc. 14] filed pursuant to 42 U.S.C. § 1983 by plaintiff Bobby Dwayne Williams. Williams is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Calcasieu Correctional Center in Lake Charles, Louisiana.

Williams was granted leave to proceed *in forma pauperis* ("IFP") in this action on November 16, 2017. Doc. 13. However, we subsequently discovered that he filed several civil rights complaints in the United States District Courts for the Western and Eastern Districts of Arkansas while in the custody of the Arkansas Department of Corrections.[1] At least three of those suits were dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous, malicious, or failing to state a claim on which relief could be granted. *See Williams v. Willie*, No. 2:13-cv-2188, docs. 9 & 11 (W.D. Ark. Oct. 24, 2013); *Williams v. Houston*, No. 5:13-cv-5210, docs. 6 & 7 (W.D. Ark. Jan. 16, 2014); and *Williams v. Darrow*, No. 4:13-cv-0026, docs. 16 and 19 (E.D. Ark. May 16, 2013).

---

[1] The "Bobby Dwayne Williams" in the Arkansas suits has a different prisoner number, as he was in the custody of a different state's department of corrections, and there are no birthdates or social security numbers provided. However, we are quite reasonably assured that this party is the same person as the plaintiff in the instant suit, based on the match between signatures and handwriting in the various complaints. Furthermore, Williams admitted in his IFP application in another suit in this court that he was incarcerated at the Calcasieu Correctional Center due to a "parole violation out of Arkansas." *Williams v. Burnett*, No. 2:17-cv-935, doc. 10, p. 1 (W.D. La. Aug, 7, 2017).

Furthermore, Williams's IFP status was revoked by the Western District of Arkansas under 28 U.S.C. § 1915(g). *Williams v. Hale*, No. 6:15-cv-6031, doc. 37 (W.D. Ark. Oct. 21, 2015). That provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, **unless the prisoner is under imminent danger of serious physical injury.**

28 U.S.C. § 1915(g) (emphasis added).

In this matter, Williams alleges that the conditions at Calcasieu Correctional Center are unsafe and unhygienic, and that other inmates are not having their medical concerns addressed. Docs. 8, 14. Williams is not entitled to proceed IFP in this court due to the dismissals cited above. Under § 1915(g), it is the threat of danger to Williams, and not some other inmate, that creates the exception. His claims regarding the conditions at the jail, namely that certain doors stick and that inmates have not been given adequate cleaning supplies, are insufficient to show **imminent** danger of serious physical injury, especially in light of Williams's history of frivolous filings. Williams may continue to pursue his action in this court, but only if he pays the full filing fee. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).

Accordingly;

**IT IS ORDERED** that Williams's IFP status and the order [doc. 13] instructing the Sheriff, Warden, or authorized prison official to forward funds the Clerk of Court in regard to this matter, are hereby **REVOKED** and **RESCINDED**. **THE CLERK IS DIRECTED** to send a copy of this order to the Calcasieu Correctional Center.

**IT IS ALSO ORDERED** that, in order for this complaint to remain viable, Williams must pay the full filing fee of four hundred dollars ($400.00) within twenty (20) days of the date of this order. **FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN THE PLEADINGS BEING STRICKEN FROM THE RECORD.**

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE